Howebb, J.
The defendant, Hubbell, having obtained a judgment on a note made by the plaintiff, Lee, issued execution thereon, when the latter enjoined the writ, on the grounds that, “since the said judgment was rendered he had discovered evidence that the said note was lohg ago extinguished and paid, and that he could not have discovered such evidence before said judgment was rendered, with the greatest diligence on his part.”
A. motion was made to dissolve the injunction on the face of the papers, which was properly overruled. The defendant then pleaded the general denial, claiming the maximum damages allowed by law, and $100, special damages for lawyers’ fees, and from a judgment perpetuating the injunction, he has appealed.
Lee, in his petition, alleges that he has brought an action to annul the judgment enjoined, but we have no other evidence of such a suit, and we mnst dispose of this, as simply an injunction of an execution, on principles governing such actions.
The facts, as presented in the record, are briefly these: Lee, being indebted to the firm of S. McConnell & Co., gave them his note to their order, which, when it fell due in the Bank of Louisiana, was renewed for a less sum, and this again, when due, for a still less sum, which operation was several times repeated. One of these notes was for $800, dated September 9th, 1861, due at sixty days, and on 11th November, 1861, was protested for non-payment. On the 25th of the latter month, *552 McConnelL & Co., took it up by having another note, given by Lee to their order in renewal for the sum of $720, at sixty d:dys, discounted by the bank, and paying the balance themselves in cash. After this, McConnell & Co., transferred the $800 note, thus taken up by them, to Hubbell, who brought suit on it and, after a special defence thereto by Lee, obtained the judgment enjoined in this proceeding.
The plaintiff has made no effort to show, as alleged, that he discovered the evidence of extinguishment or payment after the rendition of the judgment against him, or that he could not have discovered it prior thereto. On the contrary, it is apparent that he was aware, before such date, of the fact or transaction, which he construes into an extinguishment of the note, and, as contended by the defendant, he should have set it up as a defence to the suit on the note. The only fact, urged by him as operating a payment as to himself, was the giving of the note for the sum of $720, in lieu or renewal of that for $800, which he certainly knew at that time as well as after judgment was rendered against him on the latter note.
“ An injunction will not be maintained, on grounds which might have been pleaded in defence before judgment,” 12 A. 181; 8 A. 101; 6 A. 800; 3 A. 209; 1 A. 284. The injunction should have been dissolved. -
We deem it unnecessary, to express an opinion upon Lee’s liability (if any exist) to McConnell & Co., on the note for $720, or whether, upon evidence being admitted, he could, in this suit, have limited Hubbell’s right to recover only the amount of the latter note of $720.
The "judgment enjoined bore legal interest, which should be increased to eight per cent, to be calculated on the amount of the judgment from the date of the service of the injunction to its dissolution, and for which .with $125, as damages (no special damages having been proven) judgment should begiven against plaintiff and his surety in solido. See Hen. Dig. p. — No
It is therefore ordered, that the judgment appealed from be reversed. It is further ordered that the injunction herein, be dissolved, and that the defendant Levi Hubbell, recover of Thos. B. Lee and Robert H. Bowles in solido, eight per cent, interest, on eight hundred dollars, from the 25th of June, 1866, to date of this judgment, and the sum of one hundred and twenty-live dollars, with costs in both courts.
Rehearing refused.